**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

INGRID GUTIERREZ,                                          Case No.

                Plaintiff,

      -against-                                    **COMPLAINT**

                                    **Jury Trial Demanded**

EAST SIDE III CORP. d/b/a Atwood,
SHAWN RASSMAN and THOMAS PERONE,

                Defendants.
----------------------------------------------------------X

Plaintiff Ingrid Gutierrez ("Gutierrez" or "Plaintiff") alleges against Defendants East Side III Corp. d/b/a Atwood ("Atwood" or the "Restaurant"), Shawn Rassman ("Rassman") and Thomas Perone ("Perone") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Gutierrez was employed as a non-exempt sous chef at Atwood from approximately December 19, 2019 to February 24, 2020.  Gutierrez was paid in accordance with either a $65,000.00 salary or a $70,000.00 salary.  However, despite working in excess of forty hours per week, Gutierrez was not paid any overtime.

2. Further, Defendants committed a statutory wage violation, by failing to provide Gutierrez with a wage notice, either upon her hire or annually.

3. Additionally, Defendants discriminated and retaliated against Gutierrez, a female, because of her gender.  Perone – Gutierrez's immediate supervisor, told Gutierrez that he did not think it was fair that she was a woman and earning the salary she did.  Gutierrez was ultimately terminated one month after complaining to the Restaurant's Owner-Rassman.

4.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that she is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

5.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that she is entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties for wage notice violations, (3) liquidated damages and (4) attorneys' fees and costs.

6.  Plaintiff also sets forth claims for gender discrimination and retaliation under the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs city law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff Ingrid Gutierrez ("Plaintiff" or "Gutierrez") was and is a resident of Kings County, New York.

11. Gutierrez was and is a female.

12. Defendant East Side Corp. III d/b/a Atwood ("Atwood" or the "Restaurant") was and is a domestic business corporation duly existing under the laws of the State of New York.

13. Atwood was and is duly authorized to conduct business in the State of New York.

14. Atwood was and is a restaurant located at 986 2nd Avenue, New York NY 10022.

15. At all times relevant to this action, Atwood has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

16. Defendant Shawn Rassman ("Rassman"), upon information and belief, was and is a resident of the State of New York.

17. At all times relevant to this action, Rassman was and is an Owner of Atwood.

18. Rassman exercised control over the employment terms and conditions of the Plaintiff. Rassman had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff   At all times, Plaintiff could complain to Rassman directly regarding any of the terms of her employment, and Rassman would have the authority to effect any changes to the quality and terms of employees' employment. Rassman exercised functional control over the business and financial operations of the Defendants.

19. Defendant Thomas Perone ("Perone"), upon information and belief, was and is a resident of the State of New York.

20. At all times relevant to this action, Perone was employed by Atwood.

21. At all times relevant to this action, Perone was a Chef at Atwood.

22. At all times relevant to this action, Perone was Gutierrez's supervisor.

23. At all relevant times, Atwood was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

24. At all relevant times, the work performed by the Plaintiff was directly essential to the businesses operated by the Defendants.

## **STATEMENT OF FACTS**

25. From approximately December 19, 2019 to February 24, 2020, Gutierrez was employed by the Defendants.

26. Gutierrez was employed by the Defendants as a sous chef.

27. Gutierrez worked for Defendants at 986 2nd Avenue, New York NY 10022.

    FLSA and NYLL Wage Violations

28. Gutierrez was a non-exempt employee.

29. Gutierrez did not have authority to hire or fire any employees.

30. Gutierrez did not have keys to the restaurant.

31. Gutierrez did not order any food or ingredients for the restaurant.

32. Perone determined Gutierrez's schedule that she would work each week.

33. The Defendants did not provide a wage notice to Gutierrez upon her hire.

34. The Defendants did not provide a wage notice to Gutierrez annually.

35. From approximately December 19, 2019 to January 26, 2020, Gutierrez was paid in accordance with a $65,000.00 annual salary.

36. From approximately January 27, 2020 to February 24, 2020, Gutierrez was paid in accordance with a $70,000.00 annual salary.

37. Defendants paid Gutierrez once per week (on Friday) by check.

38. From approximately January 6, 2020 to late January 2020, Gutierrez worked six days per week, ten plus hours per day, for a total of sixty two or sixty three hours per week.

39. From late January 2020 to February 24, 2020, Gutierrez worked at minimum 60 hours per

week.

40. Despite working in excess of forty hours per week, Defendants failed to pay Gutierrez overtime.

41. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiff, at the beginning of her employment and annually thereafter, in violation of the NYLL.

NYCHRL Gender Discrimination and Retaliation

43. While employed by Atwood, Gutierrez was the only female employee who worked in the kitchen.

44. In approximately the first week of February 2020, Rassman informed Perone of Gutierrez's salary.

45. Perone then told Gutierrez, Listen I've just been told how much your salary is.  I don't think he should have told me, but now that I know **I don't think it's fair you are a woman and are getting $65,000.00.**

46. Perone continued, You should be getting less.  You should be living your life, going out with friends and having fun.

47. Further, Perone said, I have kids to maintain.  You don't have kids and therefore you should not be paid this much.

48. In addition, Perone tried to persuade Gutierrez to work 30 hours as a line cook instead of having the position of sous chef so she can have the free time to go out and have a better

lifestyle.

49. Gutierrez was highly offended by Perone's discriminatory comments.

50. Gutierrez told Perone that she was in shock for everything he told her, said she was upset and would appreciate it if he didn't assume things about her personal life and what she should be doing with her life.

51. Later that same day, Gutierrez mustered the courage to complain about the discrimination to Rassman and James Lewis – Atwood General Manager.

52. In response to Gutierrez's complaint, Rassman merely told Gutierrez to ignore Perone.

53. Over the next month, Defendants required Gutierrez to work additional hours, for the same pay.

54. Perone also retaliated against Gutierrez for complaining by yelling at her in front of the entire kitchen staff, even though she did nothing wrong. Immediately thereafter, Gutierrez complained to James Lewis about Perone's behavior. James Lewis saw Gutierrez extremely upset and anxious as a result of Perone's behavior.

55. Further, Perone would make a point to not say hello to Gutierrez, while greeting all the other male kitchen employees.

56. On or about February 23, 2020, Gutierrez fell ill on the subway to work and texted Perone and James Lewis that she could not work that day.

57. On or about February 24, 2020, Defendants terminated Gutierrez's employment.

58. At the termination meeting with Gutierrez, Rassman, Perone and Apollo Jackson – another Owner present, Rassman provided Gutierrez with a separation agreement. When Gutierrez asked why, Rassman said because he had pictures of an unclean kitchen from last week.

59. In the same meeting, Rassman told Perone that he would receive a written warning (not termination) for leaving the kitchen unclean a different day.

60. Gutierrez asked why she (a female) was not receiving the same treatment as Perone (a male).

61. Perone told Gutierrez, **You need to know your place in here.**

62. Perone laughed at Gutierrez for being terminated.

63. Gutierrez was terminated in retaliation for complaining about discrimination.

64. Defendants treated Gutierrez differently because of her gender.

65. Defendants' actions were intentional and intended to harm Plaintiff.

66. As a result of Defendants' actions, Plaintiff has suffered lost wages.

67. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer from severe emotional distress, for which she is treating.

### FIRST CAUSE OF ACTION
(FLSA – Unpaid Overtime)

68. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members

are entitled to recover from Defendants their unpaid overtime premium compensation,

damages for unreasonably delayed payment of wages, liquidated damages, reasonable

attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

72. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs

hereof with the same force and effect as though fully set forth herein.

73. Defendants willfully violated the Plaintiff's rights by failing to pay overtime

compensation at a rate of not less than one and one-half times the regular rate of pay for

hours worked in excess of 40 each week, in violation of the NYLL and regulations

promulgated thereunder.

74. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer

loss of wages and interest thereon.  Plaintiff is entitled to recover from the Defendants

their unpaid overtime compensation, damages for unreasonably delayed payment of

wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of

the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

75. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs

hereof with the same force and effect as though fully set forth herein.

76. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by

NYLL, Article 6, § 195(1), at the time of hiring or annually, containing the following

information: the rate or rates of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission other; the regular pay day designated by the

employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

77. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
### (NYCHRL Gender Discrimination)

78. Plaintiff hereby repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

79. The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to **discharge from employment** such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

80. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(a) by terminating the Plaintiff, creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her gender.

81. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIFTH CAUSE OF ACTION
### (NYCHRL Retaliation)

82. Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

83. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

84. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(e) by retaliating against the Plaintiff, including terminating her employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

85. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of the NYCHRL.

86. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal, state and city law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

10

c.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, § 8-107 et seq., and awarding Plaintiff a recovery for damages sustained;

d.  Declaring that the Defendants discriminated against and retaliated against and terminated Plaintiff on the basis of her gender and awarding Plaintiff a recovery for damages sustained;

e.  Awarding damages to the Plaintiff, retroactive to the date of her termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

f.  Awarding Plaintiff compensatory damages for her mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

g.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA and NYLL;

i.  An award of statutory damages of $5,000.00 for the failure to provide a proper wage notice upon Plaintiff's hire or annually;

j.  An award of prejudgment and post-judgment interest;

k.  An award of punitive damages;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m.  Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: February 27, 2020
      New York, New York

                                       Respectfully submitted,

                                       **Akin Law Group PLLC**

                                       */s/ Robert D. Salaman*
                                       _____

                                         Robert D. Salaman
                                         Zafer A. Akin
                                         45 Broadway, Suite 1420
                                         New York, NY 10006
                                         (212) 825-1400
                                         rob@akinlaws.com
                                         zafer@akinlaws.com

                                         *Counsel for Plaintiff*